IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

DEIRDRE RICHARDSON,

                        Plaintiff,                      OPINION & ORDER

   v.

                                                      15-cv-141-wmc

ADAM HELGERSON and MONROE COUNTY,

                        Defendants.
───────────────────────────────────────────────────────────

      Before the court is an unopposed motion to intervene by Wisconsin County Mutual Insurance Corporation ("WCMIC"), which seeks to litigate insurance coverage issues related to the public entity liability policies it issued to defendant Monroe County. (Dkt. #5.) Because WCMIC may intervene as of right under Fed. R. Civ. P. 24(a), the court will grant the motion but also cautions WCMIC that unlike Wisconsin state courts, this court does not generally grant requests to bifurcate trial on the issues of coverage and liability, nor does it generally stay liability issues until coverage is determined. Accordingly, WCMIC is encouraged to move promptly on any issues of coverage that may be decided as a matter of law. In return, the court will endeavor to render a decision promptly on that motion.

BACKGROUND

      Plaintiff Deirdre Richardson alleges that while she was in the custody of the Monroe County Jail, defendant Adam Helgerson, the then director of the Monroe County Community Service Program, made repeated unwanted sexual requests and advances toward Richardson. Following Helgerson's pleas of guilty to multiple counts of sexual assault in state court, Richardson filed this federal lawsuit against Helgerson and the

County itself under 42 U.S.C. § 1983, alleging violations of her Eighth and Fourteenth Amendment rights.

WCMIC issued "Public Entity Liability" policies to defendant Monroe County that covered the relevant period of time, October of 2011 to January of 2012. (*See* David Bisek Aff. (dkt. #7) ¶¶ 4-5.) Pursuant to those policies, defendants tendered the defense of the claims asserted against them in Richardson's complaint to WCMIC. (*Id.* at ¶ 6.) In response, WCMIC retained counsel to defend the County's interests, while retaining separate counsel to defend Helgerson's interests under a full and complete reservation of rights. (*Id.* at ¶¶ 7-8; *see id.* at Ex. 3 (dkt. #7-3).)

OPINION

Federal Rule of Civil Procedure 24(a) provides in pertinent part that:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Accordingly, WCMIC must satisfy four elements to intervene as of right: (1) its motion must be timely; (2) it must have an interest relating to the property or transaction at issue in this case; (3) disposition of the action may impair or impede its ability to protect its interest; and (4) no existing party adequately represents its interest. *Am. Nat'l Bank & Trust Co. of Chi. v. City of Chi.*, 865 F.2d 144, 146 (7th Cir. 1989).

WCMIC's motion is undoubtedly timely. "The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). In determining whether a motion to intervene is timely, courts consider "(1) the length of time the intervenor knew or should have known of her interest in the case, (2) the prejudice caused to the original parties by the delay, (3) the prejudice to the intervenor if the motion is denied, and (4) any other unusual circumstances." *Id.* (citing *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991)). Here, WCMIC filed its motion to intervene just one month after plaintiff filed suit. In addition to the early stage of this case, the lack of opposition to WCMIC's proposed intervention strongly suggests that the other parties will not be prejudiced by the intervention. Nor do other unusual circumstances render WCMIC's motion untimely or suggest that its intervention will in any way "derail" this lawsuit.

WCMIC also has an interest in this lawsuit that justifies its intervention under Rule 24(a)(2). Under that rule, the "interest" of a putative intervenor must "be a 'direct, significant, legally protectable' one" that is "something more than a mere 'betting' interest . . . but less than a property right[.]" *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995) (internal citations omitted). This court has held on numerous occasions that an insurance company satisfies the "interest" requirement of Rule 24(a) based on its duty to defend its insured. Under Wisconsin law, the duty to defend is broader than the duty to indemnify, because it arises when a policy provides *arguable,* as opposed to actual, coverage. *See, e.g.*, *Luce v. Town of Campbell*, No. 14-cv-46-wmc, 2014 WL 6632341, at *2 (W.D. Wis. Nov. 21, 2014); *United States v. Thorson*, 219 F.R.D. 623, 626

(W.D. Wis. 2003); *Int'l Paper Co. v. City of Tomah*, No. 00-C-539-C, 2000 WL 34230089 (W.D. Wis. Nov. 30, 2000).  Moreover, the consequences of breaching the duty to defend can be severe -- an insurance company may be barred from raising coverage defenses and can even be held liable for a judgment in excess of policy limits.  *Newhouse ex rel. Skow v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 837-39, 501 N.W.2d 1 (1993); *Grube v. Daun*, 173 Wis. 2d 30, 74, 496 N.W.2d 106 (Ct. App. 1992); *see also Thorson*, 219 F.R.D. at 626 (collecting cases).

WCMIC has also demonstrated that its ability to protect its interest in this litigation would be impaired if it had to incur the costs of defense and coverage, because it cannot avoid paying legal fees for defense of Helgerson in this litigation without obtaining a determination of coverage.  *Thorson*, 219 F.R.D. at 627.  Of course, because this court does not generally grant requests to bifurcate and stay liability pending coverage determinations, WCMIC will need to expedite its case on the coverage issue should it wish to avoid incurring non-reimbursable defense expenses.

Finally, WCMIC has demonstrated that no existing party will adequately represent its interests.  This element is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Lake Investors Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1261 (7th Cir. 1983) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).  WCMIC's interest in this case is unique: it seeks to establish that it has no duty to defend or indemnify Helgerson for any of the claims that Richardson asserts against him in this matter.  No existing party is particularly motivated to protect, much less adequately represent, that interest on WCMIC's behalf.

Accordingly, WCMIC has demonstrated a right to intervene in this matter, and its motion will be granted. While WCMIC has not filed a concurrent motion to bifurcate and stay, or for summary judgment, the court notes again for WCMIC's benefit that it does not generally follow Wisconsin state courts in offering parties the chance to bifurcate trial and stay liability proceedings while coverage is resolved. *See Luce*, 2014 WL 6632341, at *2-3. Accordingly, should WCMIC wish to obtain an early determination of coverage, it should file an early motion for summary judgment on its declaratory judgment claim, and the court will endeavor to render a prompt decision.

ORDER

IT IS ORDERED that Wisconsin County Mutual Insurance Corporation's unopposed motion to intervene (dkt. #5) is GRANTED.

Entered this 26th day of May, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge